IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Daryl Linard Bright, | ) | C/A No.: 2:14-1132-DCN-BHH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Govenor Nikki Haley; S.C. Department of Revenue; North Charleston Police Department; and Officer Daniel Ryan Green (NCPD), | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) ) | |

Plaintiff, Daryl Linard Bright ("Plaintiff"), proceeding pro se and in forma pauperis, brings this civil action against Defendants. Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d) (D.S.C.), the undersigned United States Magistrate Judge is authorized to review such complaints for relief and to submit findings and recommendations to the District Court. After careful review, the undersigned finds that Plaintiff's Complaint should be summarily dismissed, without prejudice and without issuance and service of process, because the Complaint fails to establish that this Court has jurisdiction of this case and fails to state cognizable claims upon which relief may be granted by this Court.

## **PRO SE AND IN FORMA PAUPERIS REVIEW**

Under established local procedure in this judicial district, a careful review has been made of the pro se complaint pursuant to the procedural provisions of 28 U.S.C. § 1915. The review has been conducted in light of the following precedents: Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Estelle v. Gamble, 429 U.S. 97 (1976); Haines v. Kerner, 404

U.S. 519 (1972); and Gordon v. Leeke, 574 F.2d 1147 (4th Cir. 1978). The Complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §1915(e)(2)(B)(i), (ii), (iii). Hence, under 28 U.S.C. §1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed sua sponte. Neitzke v. Williams, 490 U.S. 319 (1989).

This Court is required to liberally construe pro se documents, Estelle v. Gamble, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, Hughes v. Rowe, 449 U.S. 5 (1980) (per curiam). Even under this less stringent standard, however, a pro se complaint is subject to summary dismissal.

The mandated liberal construction afforded pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to "conjure up questions never squarely presented" to the court. Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Dep't. of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## BACKGROUND

Plaintiff's Complaint (ECF No. 1) apparently refers to two unrelated events: (1) the hacking of the computer information system of the South Carolina Department of Revenue,

during August - October 2012, which reportedly resulted in the theft of 3.8 million tax records and social security numbers and 387,000 credit and debit card numbers of South Carolina taxpayers, in addition to the theft of personal information of 1.9 million dependents and 700,000 businesses; and (2) Plaintiff's alleged false arrest by Officer Daniel Ryan Greene of the North Charleston Police Department. Along with the South Carolina Department of Revenue, Plaintiff names Governor Nikki Haley as Defendants in connection with the first claim. Plaintiff names the North Charleston Police Department and Officer Green in connection with the second claim.

On the Civil Cover Sheet filed with his Complaint, Plaintiff describes the causes of action that he is attempting to assert as "compromise of personal information (tax and SS#) [and] violation of civil rights." Civil Cover Sheet, ECF No. 2. However, in connection with his first claim, Plaintiff's Complaint (ECF No. 1) does not include any factual allegations that Plaintiff suffered any actual violation of his civil rights, financial loss, or other personal injury, aside from his "personal information becoming compromised." Plaintiff simply alleges, in conclusory fashion:

> Governor Nikki Haley is overall responsible for not passing legislation that ultimately led to personal information becoming compromised, such as my tax information and my social security number. The Department of Revenue is responsible because they are the agency that is responsible for (protecting) my tax information and social security number becoming compromised.

Complaint, ECF No. 1, p. 3. Likewise, the Complaint includes no factual allegations concerning the date, time or place of the false arrest, whether the arrest was based on a facially valid warrant, the nature of the charge, or its disposition, or any specific injury or damages, in connection with Plaintiff's second claim. Plaintiff simply alleges:

3

> The City of North Charleston Police Department is overall responsible for the conduct of their officers. Officer Daniel Ryan Greene falsely arrested me. The transport officer violated my safety by not putting on a seat belt when I was being transported (falsely) to jail. She was making turns that caused me to slide all over the backseat. Also, Governor Haley did not provide the funding that was necessary to protect citizens like myself. When Officer Daniel Ryan Greene falsely arrested me, he violated my civil rights, and acted as a criminal by molesting my buttocks.

Id. at p. 3. The "Relief" section of Plaintiff's Complaint is blank. Id. at p. 4.

## DISCUSSION

In order for this Court to hear and decide a case, the Court must, first, have jurisdiction over the subject matter of the litigation. Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." In re Bulldog Trucking, Inc., 147 F.3d 347, 352 (4th Cir. 1998). Because federal courts have limited subject matter jurisdiction, there is no presumption that the court has jurisdiction. Pinkley, Inc. V. City of Frederick, 191 F.3d 394, 399 (4th Cir. 1999) (citing Lehigh Mining & Mfg. Co. V. Kelly, 160 U.S. 337 (1895)). Accordingly, a federal court is required, sua sponte, to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears." Bulldog Trucking, 147 F.3d at 352; see also Rule 12(h)(3) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") ("Whenever it appears . . . that the court lacks jurisdiction of the subject matter, the court shall dismiss the action"). Further, although the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure. Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999).

A plaintiff must allege facts essential to show jurisdiction in his pleadings. See Davis v. Pak, 856 F.2d 648, 650 (4th Cir. 1988) (citing McNutt v. General Motors Acceptance Corp., 298 U.S. 178 (1936)). To this end, Fed. R. Civ. P. 8(a)(1) requires that the complaint provide "a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support[.]" If, however, the complaint does not contain "an affirmative pleading of a jurisdictional basis, the federal court may [still] find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded." Pinkley, 191 F.3d at 399 (citing 2 Moore's Federal Practice § 8.03[3](3d ed. 1997)). Nevertheless, if the court, viewing the allegations in the light most favorable to the plaintiff, finds insufficient allegations in the pleadings, the court will lack subject matter jurisdiction. Id.

Generally, a case can be originally filed in a federal district court only if there is "federal question" jurisdiction under 28 U.S.C. § 1331 or "diversity of citizenship" under 28 U.S.C. § 1332. Here, Plaintiff attempts to sue an agency of the State of South Carolina, a South Carolina municipal police department, and individual state and municipal officials who are South Carolina residents. The federal diversity statute requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00). See 28 U.S.C. § 1332(a). Complete diversity of parties in a case means that no party on one side may be a citizen of the same State as any party on the other side. See Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 372-374 (1978). There is no diversity of citizenship among the parties in this case. Accordingly, this Court has no diversity jurisdiction over this case.

5

There is no federal question jurisdiction in this case, either. The State of South Carolina, its Governor, and its agency, the South Carolina Department of Revenue, are immune from Plaintiff's claim brought against them in this Court. The Eleventh Amendment to the United States Constitution states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. art. XI.[1] Sovereign immunity protects both the State itself and its agencies, divisions, departments, officials, and other "arms of the State." See Will v. Michigan Dep't of State Police, 491 U.S. 58, 70 (1989); see also Regents of the Univ. of California v. Doe, 519 U.S. 425, 429 (1997) ("[I]t has long been settled that the reference [in the Eleventh Amendment] to actions 'against one of the United States' encompasses not only actions in which a State is actually named as the defendant, but also certain actions against state agents and state instrumentalities."); Mt. Healthy Bd. of Educ. v. Doyle, 429 U.S. 274, 280 (1977) ("The bar of the Eleventh Amendment to suit in federal courts extends to States and state officials in appropriate circumstances."). Moreover, the United States Supreme Court has stated that § 1983 "does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties." Will, 491 U.S. at 66; see also Quern v. Jordan, 440

---

[1] Although the language of the Eleventh Amendment does not explicitly prohibit a citizen of a state from suing his own state in federal court, the United States Supreme Court in Hans v. Louisiana, 134 U. S. 1 (1890), held that the purposes of the Eleventh Amendment, i.e. protection of a state treasury, would not be served if a state could be sued by its citizens in federal court.

U.S. 332, 343 (1979) (recognizing that Congress did not override the Eleventh Amendment when it created the remedy found in 42 U.S.C. § 1983 for civil rights violations).

Although a State may waive sovereign immunity, Lapides v. Board of Regents, 535 U.S. 613 (2002), the State of South Carolina has specifically denied this waiver for suit in federal district court. See S.C. Code Ann. § 15-78-20(e). Any claim of negligence against the State is similarly barred from adjudication in this court. See id. ("Nothing in this chapter is construed as a waiver of the state's or political subdivision's immunity from suit in Federal Court under the Eleventh Amendment to the Constitution of the United States nor as consent to be sued in any state court beyond the boundaries of the State of South Carolina."); see also McCall v. Batson, 285 S.C. 243, 329 S.E.2d 741, 743 (1985) (Opinion abolishing sovereign immunity in tort "does not abolish the immunity which applies to all legislative, judicial and executive bodies and to public officials who are vested with discretionary authority, for actions taken in their official capacities."). Accordingly, Plaintiff's claim against Governor Nikki Haley and the S.C. Department of Revenue fails as a matter of law because this Court lacks jurisdiction to hear it.

Plaintiff's second claim, against the North Charleston Police Department and Officer Green, also fails, because it is unrelated to Plaintiff's first claim, does not arise out of the same transactions, occurrences, or series of transactions or occurrences, and is therefore not appropriate for maintenance in one lawsuit. See Rules 20 and 21, Fed. R. Civ. P.; Myers, et al. v. AT&T Corp., et al., C/A No. 2:13-1432-RMG-BM, 2013 WL 4823282 at *3 (D.S.C. Sept. 9, 2013); Rosenbalm v. Foulk, No 09-2208, 2010 WL3324714 at *1 (N.D.Cal. Aug. 23, 2010) (Not allowing amendment of complaint so that case could proceed with unrelated claims, but noting that Plaintiff could file a new action asserting

7

claims that were improperly joined); Harris v, Spellman, 150 F.R.D. 130, 131 (N.D.ILL. 1993) (Dismissing claims in § 1983 case that were legally and factually unrelated).

While misjoinder of parties, alone, is not a ground for dismissal, Plaintiff's second claim also violates Fed. R. Civ. P. 8, in that Plaintiff's Complaint lacks the necessary factual allegations to satisfy Rule 8(a).  As explained above, Plaintiff's unrelated, non-cognizable claim against Gov. Haley and the S.C. Department of Revenue provides no jurisdictional basis for this case.  Plaintiff's second claim provides no jurisdictional support either.  The Complaint fails to show that Plaintiff is entitled to relief.  No date, time, or location is provided for when these events involving the North Charleston Police Department, Officer Green, and the unidentified transport officer allegedly occurred, nor are there any specific, non-conclusory allegations setting forth sufficient facts to state a plausible claim under 42 U.S.C. § 1983, or a supplemental state law claim, which would be cognizable in this Court.[2] Moreover, even if Plaintiff's Complaint presented adequate factual allegations, it still violates Rule 8(a)(3) because it makes no demand for relief.  See generally Bell Atlantic Corp. V. Twombly, 550 U.S. 544, 557 (2007) ("Naked assertions" of wrongdoing necessitate some "factual enhancement" within the complaint); Ashcroft v. Iqbal, 556 U.S.

---

[2] Not itself a source of substantive rights, § 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by "person(s)" acting "under color of state law." See Jennings v. Davis, 476 F.2d 1271 (8th Cir. 1973).  The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails.  See McKnight v. Rees, 88 F.3d 417(6th Cir. 1996).  To state a cause of action under § 1983, a plaintiff must allege that: (1) individual defendant(s) deprived him of a federal right, and (2) did so under color of state law.  Gomez v. Toledo, 446 U.S. 635, 640 (1980); see Hall v. Quillen, 631 F.2d 1154, 1155-56 (4th Cir. 1980). The doctrines of vicarious liability and respondeat superior are generally not available in a § 1983 action.  See Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009); Monell v. Dept of Soc. Servs., 436 U.S. 658, 694 (1978).

662, 679 (2009) ("[W]here the well-pleaded facts [of a complaint] do not permit the court to infer more that the mere possibility of misconduct, the Complaint has alleged - but it has not 'shown' - that the pleader is entitled to relief" as required by Rule 8) (internal citations omitted); Leeds v. Meltz, 85 F.3d 51, 53 (2d Cir. 1996) ("While the pleading standard is a liberal one, bald assertions and conclusions of law" are not sufficient to avoid dismissal of a complaint for failure to state a proper claim.); Frey v. City of Herculaneum, 44 F.3d 667, 671 (8th Cir. 1995) ("Complaint must contain facts which state a claim as a matter of law and must not be conclusory"); Twombly, 550 U.S. at 555 ("[F]actual allegations must be enough to raise a right to relief above the speculative level"); House v. New Castle County, 824 F.Supp. 477, 485 (D.Md. 1993) (Plaintiff's conclusory allegations insufficient to maintain claim); see also Iqbal, 129 S.Ct. at 1949-1950 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions").

## **RECOMMENDATION**

Based on the foregoing, it is recommended that this Complaint be dismissed, without prejudice and without issuance and service of process.[3]  Plaintiff's attention is directed to the important notice on the next page.

March 31, 2014                                      s/Bruce Howe Hendricks
Charleston, South Carolina                     United States Magistrate Judge

---

[3] Dismissal of this action without prejudice will allow Plaintiff to file a new action, if he so chooses, naming proper party Defendants and setting forth factual allegations relating specifically to those Defendants.  Further, as Plaintiff was granted IFP status, he will again suffer no prejudice by having to file a new, properly structured, lawsuit.

9

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk of Court
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).